THE STATE, JOHN ALSBATH AND DEBORAH ALSBATH, PROSECUTORS, v. FRANK S. PHILBRICK, COLLECTOR, &c., DEFENDANT.

Section 11 of the act of 1882 (*Rev. Sup.*, *p.* 729), and the amendment of that section by the act of 1885 (*Rev. Sup.*, *p.* 731, § 1111), which acts provide a different method of levying taxes in boroughs which are seaside resorts, from that provided for other boroughs, are special, and so unconstitutional.

On *certiorari*.

This writ brings up an assessment for taxes made against the prosecutors in Ocean Beach, for the year 1887.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the prosecutors, *F. P. McDermott.*

For the defendants, *J. McDermott* and *J. H. Stewart.*

The opinion of the court was delivered by

REED, J. The borough commission of Ocean Beach was organized under an act for the formation of borough commissions, approved March 7th, 1882. *Pamph. L., p.* 48 ; *Rev. Sup., p.* 56.

The proceedings for incorporation were all taken under the provisions of that act. Section 8 of that act limited the amount of money which could be raised by taxation for borough purposes to the sum of $500, and the supplement to the act passed in 1882 (*Pamph. L., p.* 56), limited the amount which could be so raised to a sum equal to fifty cents on every $100 of assessed valuation of the real and personal property in the borough.

By another supplement to the act passed in 1887 (*Pamph. L., p.* 134), it was provided that the legal voters of such boroughs were empowered to designate, upon their ballots, the sum not exceeding $500, to be raised for general borough purposes in any one year, and a further amount to be raised for the graveling or macadamizing of roads within the borough, not to exceed the sum of $1000 for any one year.

The tax which is brought up for review by the present writ, was levied to raise a sum in excess of the limitation contained in either of the acts above mentioned. It appears, from the state of the case agreed upon by counsel, that the present tax was levied under a resolution of the board of commissioners, which resolution directed the assessor to assess tax at the rate of three mills to the dollar, the aggregate of which tax thus authorized amounts to over $3000. It is perceived that the

sum so levied is double the amount which could have been levied under the supplement of 1887. The resolution to raise the sum of $3000 was passed in reliance upon the provisions of an act passed April 17th, 1884. *Pamph. L., p.* 204; *Rev. Sup., p.* 729.

The defendants rest their defence of the legality of this levy entirely upon the terms of the last-mentioned act. So, the ground of contest in this case is, whether the act of 1884 can be successfully invoked to sustain this assessment. The counsel for the prosecutors insist, first, that the act of 1884 does not apply to borough commissions like the defendants; and, second, that the act is special, and so is in conflict with the constitution.

The title of the act of 1884 is " An act to provide for additional powers and certain changes in the government of certain localities governed by commissioners."

The first section provides that in all seaside resorts governed by the board of commissioners, whether the same be chosen by the people or appointed by the Supreme Court, or however they may be selected, the elective members of such boards of commissioners shall be legal voters in such locality.

The second section provides for the election of an assessor and collector of taxes. The third section prescribes the duties of the collector, and the fourth section the duties of the assessor; and the eleventh section provides that the board of commissioners shall have power to raise, by tax, such sum or sums of money as it may deem necessary and expedient for the purpose of carrying on such board and the government of such place.

The last section was amended by the act of 1885 (*Rev. Sup., p.* 731, § 1111), so that the amount to be raised shall not exceed the proportion of $3 on $1000 of the value of the real and personal property.

Now, I think it is unnecessary to notice the first objection to this act, namely, that it does not apply to a borough like that of Ocean Beach. It seems to me to be unnecessary, for the reason that the act is, in respect to the matter now under

discussion, clearly obnoxious to the second objection, which challenges the legislation as unconstitutional, on the ground that it is special. It seems to me clearly an act which does not apply the same scheme of levying taxes to all municipalities of a class. It applies only to such boroughs governed by commissioners as are seaside resorts. Other boroughs, having all but this one feature, are untouched by the provisions of the act. The boroughs incorporated under the same act as is the defendant, but not lying on the ocean, are limited to the sum of $1500 in making their levy for borough purposes.

Under the act of 1884, as amended by the act of 1885, the limit is not a particular sum, but a flexible limit, depending upon the amount of ratables. Under the former act the amount to be raised within the limits fixed by the charter, is left to a popular vote, but, under the later acts, the legal voters have no direct voice in the matter, and the amount to be raised is fixed by the board of commissioners. As already observed, the single feature which characterizes a borough claiming to exercise the powers granted by the acts of 1884 and 1885, from a borough incorporated under the act of 1882, is that the former lies contiguous to the ocean and the latter does not. I think this difference has no significance when regarded as a ground for the difference of legislation apparent to these two acts. I think that contiguity to the sea is no ground for the existence of a different rule in respect to the general amount of tax to be raised, and I am entirely clear that no reason can be suggested why the power to designate the amount should, in boroughs not lying upon the ocean, be committed to the people at large, while in boroughs on the sea the power should be placed in the hands of commissioners. The acts of 1884 and 1885, so far as the provision in regard to taxation is involved, are unconstitutional. As the levy of the tax must rest upon statutory authority (*Shackelton* v. *Guttenberg*, 10 *Vroom* 660), and as this levy was not authorized by a popular vote, according to the provisions of the general act, it has no statutory foundation to rest upon. The result is, that the assessment must be set aside.